IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CURRY, on behalf of himself and all others similarly situated, | : : : | CIVIL ACTION NO. 3:05 CV 7009 |
| Plaintiff, | : : | JUDGE JAMES G. CARR |
| -vs- | : : | |
| STYLE CREST PRODUCTS, INC., *et al.*, | : : : | |
| Defendants. | : | |

## ORDER AND FINAL JUDGMENT

WHEREAS, pursuant to an Agreement of Settlement dated January 5, 2007, Plaintiff in this action, acting on behalf of himself and the Class certified by Order dated January 18, 2007, entered into a settlement with the Defendants; and

WHEREAS, on January 18, 2007, the Court issued an Order Preliminarily Approving The Proposed Settlement and authorizing notice by first-class mail; and

WHEREAS, on June 6, 2007, Defendants' Counsel filed an affidavit as required by ¶ 5 of the January 18, 2007 Order, attesting to the fact that Notice had been mailed to all Class Members whose names and current addresses were known; and

WHEREAS, following the January 18, 2007 Order certifying this matter as a class action, Defendants directed notice of the pendency of the class action to all

1

identifiable Class Members by first-class mail and, which advised Class Members of their right to exclude themselves from the class action, although none have; and

WHEREAS, the Notice approved by the January 18, 2007 Order advised the Class Members of the hearing to be held to determine whether the proposed settlement should be approved as fair, reasonable and adequate, to determine whether an incentive award should be made to the named plaintiff, and to determine fees, costs and expense reimbursement of Class Counsel in this action and to hear any objections to these matters; and

WHEREAS, this matter came on for hearing on June 11, 2007, at which time the Court heard presentations on behalf of the parties in support of the settlement, and from Class Counsel in support of their petition for fees and reimbursement of litigation expenses; and

WHEREAS, the Court reviewed all written objections filed with the Court and heard presentations from any who objected and wished to be heard, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Court has jurisdiction over this action and over the parties to this action, including all members of the Class as defined in the preamble of the Order of January 18, 2007.

2. This Order and Final Judgment incorporates by reference the definitions in the Agreement of Settlement. All terms herein shall have the same meanings as set forth therein.

3. Plaintiff and Plaintiff Class have or might have asserted various common law and statutory claims against the Defendants based on their purchase of

Defendants' Vented Vinyl Soffit. The Defendants deny all of Plaintiff's allegations. The issues presented in these proceedings are novel and questions of proof are challenging. After protracted, vigorous negotiations, the parties, recognizing the risks of a jury trial and of the ultimate resolution on appeal of the issues presented, have agreed to compromise this action on the terms set forth in the Agreement of Settlement.

    4. After careful review of all of the above and based upon the Court's familiarity with the strengths and weaknesses of this action, the Court finds that the Agreement of Settlement and the Method of Distribution as set forth in the Notice to the Class and this Court's Order of January 18, 2007, are fair, reasonable and adequate, that the Agreement of Settlement and Method of Distribution should be approved and that the terms contained therein should be implemented. Because the January 18, 2007 Order detailed the Method of Distribution to be followed in this settlement, that Order is incorporated into this Order.

    5. The funds comprising the Settlement Amount will be distributed to members of the Settlement Class by Defendants upon timely submission of a qualifying proof of claim, on a claims-made basis. Because of some delay in the process of Defendants' distributor customers identifying their customers, who generally are the class members, Defendants shall forward notices and claim forms to all Class Members identified by their customers through July 15, 2007, and will accept for processing all claim forms received through September 15, 2007 or transmitted by any means indicating a postage or transmission date through that same date.

    6. There shall be a minimum distribution of $27,000 plus accrued interest of the Settlement Fund. Any portion of the $27,000 minimum distribution

3

remaining unclaimed by qualifying class members shall be paid to Habitat for Humanity of Ohio. Any unclaimed amounts in excess of $27,000 plus accrued interest remaining in the Settlement Fund shall revert to Defendants along with any accrued interest upon Final Approval.

7. Notice to the Class of the Settlement set forth in the Agreement of Settlement and other matters set forth herein required by Rules 23(c) and (e) of the Federal Rules of Civil Procedure has been given in an adequate and sufficient manner constituting the best notice practicable, complying in all respects with such Rules and due process, including, but not limited to, the forms of Notice and methods of identifying and giving Notice to the Members of the Class, and that all Members of the Class who did not opt-out of the Class, whether or not they received actual notice, are bound by all rulings in this action including this Final Judgment.

8. The Court finds that (a) the proposed settlement contained in the Agreement of Settlement and Method of Distribution are in all respects fair, reasonable and adequate to Plaintiff and the members of the Plaintiff Class; and (b) the terms of the Agreement of Settlement were agreed to in good faith and negotiations were conducted at arms' length by counsel for the parties.

9. The parties shall consummate the Settlement in accordance with the Agreement of Settlement which is approved in all respects and which is incorporated herein by reference.

10. The Settlement shall not be deemed to constitute an admission of liability or wrongdoing on the part of Defendants.

11. In exchange for the payments made by Defendants as part of the Settlement, and using the terms as defined in the Agreement of Settlement, each and every Class Member for him or herself and for each of their respective attorneys, heirs, executors, administrators, representatives, agents, successors, assigns, and any and all other parties claiming through or by virtue of any Class Member, releases, waives, withdraws, retracts and forever discharges Style Crest (as defined in the Agreement of Settlement) from all manner of claims, demands, actions, suits, and causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, (including costs, expenses, penalties and attorneys' fees), whether known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, statutory or common law, that any purchaser, whether directly, representatively, derivatively or in any other capacity, ever had, now has or hereafter can, shall or may have, relating in any way to the means of affixing of labels to boxes of Vented Vinyl Soffit manufactured by Style Crest in the past six years which state that the box contained "2 Squares" of material or to any conduct prior to the date hereof concerning the labeling of Vented Vinyl Soffit or relating to any conduct alleged in the Class Action, including, without limitation, any such claims that have been asserted or could have been asserted in the Class Action against Style Crest; <u>provided</u>, <u>however</u>, that claims alleging damages caused by the failure of any Vented Vinyl Soffit to be safe or alleging breach of contract claims or deceptive advertising unrelated to either the labeling of boxes of Vented Vinyl Soffit or to any other conduct alleged in the Class Action, including, without limitation, personal injury claims or product defect claims, are not released.

12. Plaintiff is awarded $5,000.00 in recognition of his contribution to the Class.

13. Without affecting the finality of this Order and Final Judgment in any way, exclusive jurisdiction is hereby retained over the parties, the Class Members and the Settlement Fund for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Agreement of Settlement, the Settlement Fund and this Order and Final Judgment.

14. Except as may be later ordered upon the Court's review of Plaintiff's Counsel's pending Motion for Reasonable Attorney Fees Under the Ohio Deceptive Trade Practices Act, each party shall bear its own costs, attorneys' fees and expenses associated with this action.

15. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement of Settlement.

16. There is no reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: June 13, 2007

                                           s/ James G. Carr
                                           _____
                                           Honorable James G. Carr